UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| COMPUMEDICS USA, INC. | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | Civil No. SA-16-CV-00522-RCL |
| v. | § | |
| | § | |
| CAPITAL PARTNERS FINANCIAL GROUP USA, INC. | § | |
| | § | |
| DEFENDANT & THIRD-PARTY PLAINTIFF | § | |
| | § | |
| v. | § | |
| | § | |
| HUMBLE SURGICAL HOSPITAL, LLC; AND MUSTAPHA KIBIRIGE, M.D. | § | |
| | § | |
| THIRD-PARTY DEFENDANTS | § | |

**Memorandum Opinion:
Denying the Third-Party Defendants' Motion to Dismiss the Third-Party Complaint**

The third-party defendants in this case—Humble Surgical Hospital and Mustapha Kibirige (collectively "Humble Surgical")—ask the Court to dismiss Capital Partners's third-party complaint against them. (ECF #55). Humble Surgical argues (1) that the Court lacks subject-matter jurisdiction over the third-party complaint because the Humble Surgical and Capital Partners are non-diverse parties, and (2) that venue is improper in this Court because another action is pending in Harris County covering the same matters alleged in the third-party complaint. The Court will **DENY** Humble Surgical's motion in its entirety.

1

# **THE MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

The problem that Humble Surgical presents to the Court sounds like a sample problem from a first-year civil procedure class.

The plaintiff—Compumedics, a citizen of North Carolina—filed suit against the defendant—Capital Partners, a citizen of Texas—in Minnesota state court. Compumedics asserted only state-law claims against Capital Partners. Capital Partners removed the action to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1441. The basis for removal was diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000. The suit was then transferred to the Western District of Texas.

Once the suit arrived in the Western District of Texas, Capital Partners impleaded Humble Surgical, also a citizen of Texas, under Rule 14.[1] Capital Partners alleges that Humble Surgical is "liable to [Capital Partners] for all or part of Compumedics's claim against Capital Partners." (ECF #40 at 2). Given these facts, does the Court have subject-matter jurisdiction over the impleader claim against Humble Surgical?

The Court clearly does not have original jurisdiction over the impleader claim. First, Capital Partners asserts no federal claims against Humble Surgical. Therefore, subject-matter jurisdiction over the impleader claim cannot lie in federal-question jurisdiction. (*See* 28 U.S.C. § 1331). Second, although the value of the underlying claim exceeds $75,000, Capital Partners and the Humble Surgical Parties are all citizens of Texas. And because they are non-diverse parties, subject-matter jurisdiction over the impleader claim cannot lie in diversity jurisdiction. (*See* 28 U.S.C. § 1332(a)).

---

[1] In its reply brief, Humble Surgical incorrectly asserts that it is joined under Rule 19. But Rule 19 does not govern third-party practice. Third-party practice is properly governed by Rule 14, under which a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." (FED R. CIV. P. 14(a)(1)). That is exactly what Capital Partners did in this case.

2

Because the Court does not have original jurisdiction over the impleader claim, the Court must examine whether it has supplemental jurisdiction over the impleader claim pursuant to 28 U.S.C. § 1367. Subsection (a) of that statute says:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(28 U.S.C. § 1367(a)). First, there is a civil action over which the Court has original jurisdiction—Compumedics's suit against Capital Partners. The Court's original diversity jurisdiction over that suit is unchallenged. Second, the impleader claim at issue is "so related" to the claims in that action as to "form part of the same case or controversy under Article III." (*Id.*). The impleader claim seeks indemnity/contribution for the exact claims asserted in the Compumedics action. No claim could be more related. And third, as the last sentence of § 1367(a) makes clear, it does not matter that the impleader claim arises from third-party practice.

Humble Surgical argues that § 1367(b) prevents the exercise of supplemental jurisdiction over the impleader claim. The relevant portion of that subsection says:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure.

(28 U.S.C. § 1367(b)). Humble Surgical argues that because it is party to this suit pursuant to the operation of Rule 14 that supplemental jurisdiction cannot be had over the claim against it. But this is incorrect. The Court only lacks supplemental jurisdiction over claims by "plaintiffs" against

3

persons made parties under Rule 14. But "plaintiffs" and "third-party plaintiffs" are not the same. So the impleader claim is not a claim by a plaintiff against persons made parties under Rule 14. Rather, it is a claim by a defendant/third-party plaintiff against persons made parties under Rule 14. In the context of this suit, only hypothetical claims by Compumedics (the lone plaintiff in this case) against Humble Surgical would be barred by § 1367(b). But there are no such claims.

As such, it is clear that the Court has supplemental jurisdiction over Capital Partners's impleader claim against Humble Surgical. Therefore, Humble Surgical's motion to dismiss that claim pursuant for lack of subject-matter jurisdiction will be **DENIED**.

## THE MOTION TO DISMISS FOR IMPROPER VENUE

Humble Surgical argues that the impleader claim should also be dismissed for improper venue. Humble Surgical's primary argument is that the same facts and claims asserted in the impleader claim were also asserted in another action brought by Capital Partners against Humble Surgical in Texas state court in Harris County. Therefore, according to Humble Surgical (and according to Compumedics, who also chimed in on this issue), the impleader claim should be dismissed—or at least stayed—in accordance with the prior-action-pending doctrine. (*See Adams v. Ca. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007); *Curtis v. Citibanck, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000)). Not only that, but it appears that Capital Partners has taken contrary positions in these two suits. (*See* ECF #56 at 3–4 (relating how Capital Partners alleged in the Harris County action that Humble Surgical agreed to pay it for the sleep-study systems at issue in this case, but alleged in this Court that Humble Surgical agreed to pay Compumedics directly for the sleep-study systems)).

The Court is not persuaded by these contentions. Capital Partners has amended its claims in the Harris County action, withdrawing the claims that relate to the dispute before this

Court. As such, the problems of judicial inefficiency and inconsistent judgments that motivate the prior-action-pending doctrine are no longer of concern. And to the extent that any concerns remain, the Court is confident that the application of *res judicata* as necessary will likewise avoid judicial inefficiency and inconsistent judgments. Therefore, the Court will **DENY** Humble Surgical's motion to dismiss for improper venue.

## CONCLUSION

For the reasons given above, the Court will **DENY** in its entirety the third-party defendants' motion to dismiss the third-party complaint pursuant to FED. R. CIV. P. 12(b)(1) and/or 12(b)(3).

**A separate order will issue.**


SIGNED this \_\_\_\_6th\_\_\_\_ day of February, 2018.

*[signature]*
HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE